FILED'10 NOV 15 09:24 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARRY J. SULLIVAN,                                          Civ. No. 09-904-AA

        Plaintiff,                                         OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.
_____

AIKEN, Chief Judge:

    Plaintiff seeks judicial review of the Social Security Commissioner's final decision denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. § 405(g). The decision of the Commissioner is reversed and remanded for further administrative proceedings.

## DISCUSSION

    On August 21, 2001, plaintiff applied for DIB. Tr. 19, 90-92. Plaintiff's application was denied initially and on

1   - OPINION AND ORDER

reconsideration, and on March 2, 2004 plaintiff appeared and testified before an administrative law judge (ALJ). Tr. 50-52, 57-60, 1799-1835. On April 30, 2004, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 957-63. On May 11, 2007, the Appeals Council granted review and remanded the case to the ALJ with specific instructions to resolve issues involving the severity of plaintiff's impairments, plaintiff's symptoms and residual functional capacity, plaintiff's credibility, and medical evidence relevant to plaintiff's impairments. Tr. 971-75. In particular, the Appeals Court ordered the ALJ to "obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments[.]" Tr. 974.

On November 29, 2007, the ALJ conducted a second hearing, during which plaintiff again testified. Tr. 1836-54. On December 19, 2007, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 19-28. However, in reaching his decision, the ALJ did not obtain the opinion or testimony of a medical expert regarding the nature and severity of plaintiff's limitations during the relevant the period at issue. In failing to do so, the ALJ erred.

Pursuant to 20 C.F.R. § 404.977, the Appeals Council may remand a case to an ALJ "so that he or she may hold a hearing and issue a decision or a recommended decision," to obtain "additional evidence" when needed or to take "additional action" as required.

Id. § 404.977(a). Once a case is remanded, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." Id. § 404.977(b) (emphasis added). Thus, actions ordered by the Appeals Council on remand are not discretionary. See 20 C.F.R. § 404.983 ("If the case is remanded by the Appeals Council, the procedures explained in § 404.977 will be followed.") (emphasis added).

In this case, the Appeals Council remanded the case to the ALJ for further consideration of plaintiff's impairments and functional capacity and specifically instructed the ALJ to "obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments." Tr. 974. The ALJ failed to follow this directive. The Commissioner concedes that the ALJ did not comply with the Appeals Council's order but argues that the court's review is limited to the ALJ's decision, the final decision of the Commissioner. Regardless, the issue before the court is whether the ALJ complied with all relevant legal standards and supported his decision with substantial evidence in the record. See Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ's compliance with the Appeals Council's order on remand is relevant to this determination. Ultimately, I find that the ALJ did not adhere to the relevant regulatory requirements and failed to develop the record as instructed by the Appeals Council.

3    - OPINION AND ORDER

Therefore, the Commissioner's decision cannot be upheld.

The Commissioner also maintains that calling a medical expert or seeking further information from an examining physician would not have altered the ALJ's final decision. However, such a finding is inappropriate for this court to make. Accordingly, remand for further proceedings is required to obtain the opinion of a medical expert as to the nature and severity of plaintiff's impairments as of December 31, 1992, his date last insured. I decline to address plaintiff's remaining assignments of error, given that additional medical expert opinion could alter the ALJ's findings at steps two and four, including his determination of credibility.

## CONCLUSION

For these reasons, the ALJ's finding that plaintiff is not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 12th day of November, 2010.

_____
Ann Aiken
United States District Judge